WILKIN v. THARP.

54   609
136   208

1. **Pleading**: SLANDER: DENIAL OF INTENTION. It is proper for the defendant, in an action to recover for slanderous words spoken of the plaintiff, to answer the allegation of intent, or innuendo, in the petition by denying the slanderous intent imputed to him in the use of the words.

2. **Fraud**: ESSENTIALS OF. An act will not constitute a fraud, punishable by the law, unless done with an intent to derive some profit or advantage therefrom.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, APRIL 6.

ACTION for slander. There was a verdict and judgment for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

VOL. LV--39.

*Perry & Townsend* and *H. L. Dashiell*, for appellant.

*Coen & Coen* and *H. B. Hendershott*, for appellee.

BECK, J.—I. The petition alleges that both plaintiff and defendant are engaged in the business of buying and selling

**1. PLEADING: slander: denial of intent.** live stock, which was weighed and delivered upon purchases made by them at the stock-yard of a railroad company; that the defendant, intending to injure plaintiff, spoke of him certain scandalous and defamatory words, implying that plaintiff was accustomed, when stock was weighed of which he was to purchase, to " lift up " the scales, and when defendant's stock was weighed to " bear down " thereon, thus causing the scales in the one case to show less, and in the other more, than the true weight. We do not attempt here to give the language of defendant as set out in the petition, but to state its purport only. In an amended petition it is alleged that the slanderous words were spoken by defendant with the intent and purposes of accusing plaintiff with having committed a gross fraud and with cheating by false pretenses. The defendant, in his answer, admits the speaking of the words substantially as charged in the petition, but specifically denies that he charged plaintiff, or intended to charge him with being guilty of gross fraud, or with procuring money or property by false pretenses, or with any other crime subject to punishment by law.

The averments of the answer denying the intent of defendant to charge plaintiff with crime, and denying that the language spoken did, in effect so charge, were assailed by a motion to strike, which the court overruled. This decision is the first ground of objection to the judgment of the Circuit Court urged upon our attention.

The effect of the words spoken and the intent of the speaker were properly the subject of an allegation of the petition, showing a charge of crime and an intent so to charge. Such allegation takes the place of what in the old form of

Wilkin v. Tharp.

pleadings was called the *innuendo*. The matter thus charged by innuendo or allegation must be established by proof. It must be shown that the defendant did charge and intend to charge the offense set out in the *innuendo* or allegation. Under our system of pleadings all allegations not denied are admitted. Now the averment that defendant intended to charge, and did charge, plaintiff with the commission of a crime by the language used, would have been admitted if not denied in the answer. It is very plain that the allegations objected to were proper in order to raise a material issue. The court correctly overruled the motion to strike them from the answer.

II. The court, in two or three instructions, held that the language of defendant in charging that plaintiff did "bear down" on the scales when the stock of defendant was weighed, and did "lift up" when his own was weighed, would not charge the crime of obtaining goods under false pretenses unless it charged that plaintiff was the "weigh-master" having charge of the scales. The instruction is correct. The plaintiff could make no pretenses as to the weights unless he had charge of the scales. His act in causing a false weight was not a pretense as to the weights, and could not have been unless he was regarded as the person charged with the duty of weighing the stock.

III. Certain instructions recognized the doctrine that the act of plaintiff, as charged in the language of defendant, in 2. FRAUD: essentials of. "bearing down" upon the scales when defendant's stock was weighed, was not a fraud punishable by law, but that his "lifting up" when the stock was weighed was a fraud for which the law provides punishment. We think the view of the court below is correct. As the act of bearing down upon the scales when defendant's stock was weighed could result in no profit or advantage to plaintiff it cannot be regarded as fraud. While it resulted in injury to defendant plaintiff derived no profit from the act. It was an act of wanton mischief perpetrated with an evil design. It cannot

be called a fraud. But as plaintiff was profited by the act which caused the stock he was purchasing to appear lighter than their true weight it is a fraud, and is punishable as an offense.

IV. Certain instructions directing the jury as to presumptions of malice arising from the act of defendant in speaking the words charged, and as to the burden of proof resting upon plaintiff to show malice, are the subject of objections. The instructions, we think, are correct; certainly if erroneous they wrought no prejudice to plaintiff, for they present a view of the law not unfavorable to him. Other objections as to the burden resting upon defendant to show the truth of the charges made by him in the language set out in the petition may be disposed of by like considerations. No possible prejudice could have resulted to plaintiff from these instructions. The foregoing discussing disposes of all questions arising in the case. The judgment of the Circuit Court must be

AFFIRMED.